IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-cv-00003-D

ROC F. SANSOTTA, *individually and as Trustee*  )
*and Executor of the Estate of Father Joseph Klaus*, )
RALPH S. TOMITA, GLORIA H. TOMITA, )
CAROLE A. SHACKLEFORD, JAMES )
BREGMAN, LINDA ATSUS, and GEORGE D. )
RUSIN, )
 )
          Plaintiffs, )
 )
v. )    **ORDER ON BILL OF COSTS**
 )
 )
TOWN OF NAGS HEAD, N.C., )
 )
          Defendant. )

On July 17, 2012, the court granted defendant's motion to dismiss [D.E. 42], and judgment was entered in favor of defendant [D.E. 43]. On July 27, 2012, defendant filed a motion for bill of costs [D.E. 44] and motion for taxation of costs [D.E. 45]. The plaintiffs did not respond, and the matter is now ripe for determination.

Defendant seeks $5,427.30 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). However, federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Thus, defendant also seeks to recover $1,479.15 in what it terms "non-taxable costs," pursuant to 42 U.S.C. § 1988.

I. **Motion for Bill of Costs**

   A. **Fees of the Clerk**

   Defendant seeks $350.00 for the filing fee cost incurred in removing this action from state court. The prevailing party may recover fees of the clerk as taxable costs. See 28 U.S.C. § 1920(1). Accordingly, defendant is awarded $350.00 in filing fee costs.

   B. **Fees for Service**

   Defendant seeks $30.00 for the service fee paid to the county sheriff. Fees of the marshal are expressly allowed as taxable costs. See 28 U.S.C. § 1920(1). "In making the fees of the Marshal taxable as costs in 28 U.S.C. § 1920, Congress exhibited an intent to make service of process a taxable item," and "[t]he federal rules now allow for the service of process in civil matters by methods other than the U.S. Marshal Service." Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) (citations omitted). Accordingly, defendant is awarded $30.00 in service fee costs.

   C. **Fees for Transcripts**

   Defendant seeks $4,647.30 in deposition transcript costs. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Normally, multiple copies of deposition transcripts are not taxed. See Local Civil Rule 54.1(c)(2)(b). While, as noted by defendant, the court has previously ruled that where the prevailing party takes the deposition, it may recover the cost for one original and one copy of the deposition transcript, see PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 134 (E.D.Va. 1991)), more recently in Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No.

5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012), the court disallowed costs for a copy of a deposition transcript in addition to the original, citing the local rule. Accordingly, the cost for deposition transcript copies will be disallowed. With respect to the deposition of John DeLucia, the charge for the original and copy are combined and the amount for the original is not discernable. See Bill of Costs Ex. 1 at 7 [D.E. 44-1]. Therefore, the entire amount for the John DeLucia deposition transcript will be disallowed without prejudice. Defendant may supplement its request with respect to this cost within 14 days of the date of this order, and a failure to do so will constitute a waiver of such cost. Accordingly, defendant is awarded $2,591.65 in deposition transcript costs.

### D. Fees for Witnesses

Defendant seeks $400.00 in witness fee costs, which consists of 8 days of witness testimony at $50.00 per day. Fees for witnesses may be taxed as costs. See 28 U.S.C. § 1920(3). "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b); see also Ray Commc'ns, Inc. v. Clear Channel Commc'ns, No. 2:08-CV-24-BO, 2011 WL 3207805, at *4 (E.D.N.C. July 26, 2011). Accordingly, defendant's request will be reduced to reflect the statutory fee of $40.00 per day, and defendant is awarded $320.00 in witness fee costs.

## II. Motion for Non-Taxable Costs

### A. Fees for Transcripts

Defendant seeks, pursuant to 42 U.S.C. § 1988, $1,124.15 in deposition transcript costs for its transcript copies of depositions taken by plaintiffs. However, neither 28 U.S.C. § 1920(2) nor Local Civil Rule 54.1 limit transcript costs solely to those associated with the prevailing party's taking of a deposition, and the court has previously taxed the prevailing party's cost in obtaining a copy of a deposition transcript where the deposition was taken by the opposing party. See PCS

3

Phosphate Co., Inc., 2008 WL 1901941, at *1 (citing Water's Edge, 135 F.R.D. at 134). Accordingly, defendant is awarded an additional $1,124.15 in deposition transcript costs pursuant to § 1920(2).

## B. Fees for Exhibits

Defendant seeks, pursuant to 42 U.S.C. § 1988, $355.00 in costs for professional reproduction of exhibits for use in depositions. However, these costs may be taxed pursuant to 28 U.S.C. § 1920(4) as "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). See, e.g., Two Palms Software, Inc. v. Worldwide Freight Mgmt. LLC, No. 4:10-CV-1045 CEJ, 2012 WL 6608611, at *2 (E.D. Mo. Dec. 18, 2012); Jerry v. Fluor Corp., No. H-10-1505, 2012 WL 4664423, at *3 (S.D. Tex. Oct. 2, 2012); Palma v. Safe Hurricane Shutters, Inc., No. 07-22913-CIV, 2012 WL 4511167, at *4 (S.D. Fla. Sept. 29, 2012). Accordingly, defendant is awarded $355.00 in exhibit copy costs pursuant to § 1920(4).

## CONCLUSION

In summary, as the prevailing party and pursuant to 28 U.S.C. § 1920, the defendant is awarded $350.00 in filing fee costs, $30.00 in service fee costs, $3,715.80 in transcript costs, $320.00 in witness fee costs, and $355.00 in exhibit copy costs. Total costs in the amount of $4,770.80 are taxed against plaintiffs and shall be included in the judgment. Defendant may file a supplemental request with respect to the John DeLucia deposition transcript within 14 days of the

date of this order. All other requests not referenced in this summary are disallowed.

SO ORDERED. This 25th day of January 2013.

Julie A. Richards
Clerk of Court